DocuSign Envelope ID: 04935E60-4030-40AC-9176-618C9520B65D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

**AYDE ARRIOLA MIRANDA**, *individually and on behalf of others similarly situated*,

CASE NO:

*Plaintiff,*

vs.

**CALLOOH CALLAY, INC. d/b/a Pressed Cleaners,** *a New York Corporation*, **and JEFFREY CURTIS,** *an individual*,

*Defendants.*

---------------------------------------------------------X

## COMPLAINT

AYDE ARRIOLA MIRANDA ("Plaintiff"), individually and on behalf of others similarly situated, by and through her attorneys, Law Offices of Nolan Klein, P.A., hereby sues Defendants, CALLOOH CALLAY INC., d/b/a PRESSED CLEANERS ("Corporate Defendant") and JEFFREY CURTIS (hereinafter "Individual Defendant")(Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

### NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of herself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and for violations of the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

2. Plaintiff further seeks certification of this action as a collective action on behalf of Plaintiff individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because the Corporate Defendant is located at 300 E. 75th St., New York, NY 10021, which is located within this District.

### PARTIES

5. Plaintiff is over the age of 18 years, *sui juris*, and is a resident of the State of New York.

6. Corporate Defendant is a corporation organized and existing under the laws of the State of New York.

7. Corporate Defendant previously owned and operated a dry cleaner known as Pressed Cleaners, located at 2208 Sunrise Hwy, in Merrick, New York.

8. On information and belief, Individual Defendant JEFFREY CURTIS is and was over the age of 18 years, *sui juris*, and owned (in whole or in part), operated, and/or controlled the Corporate Defendant, and/or had authority over rates of pay and schedules of employees within the Corporate Defendant's business.

9. Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

DocuSign Envelope ID: 04935E60-4030-40A6-9176-618C9520B65D
Case 1:23-cv-01122   Document 1   Filed 02/09/23   Page 3 of 13

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and NYLL.

15. Plaintiff worked for the subject business (Pressed Cleaners) for approximately ten (10) years, from 2012 through December 28th, 2022. Defendants owned and operated the business until sometime in 2022.

16. Plaintiff was employed to iron clothes, and her job duties included pressing shirts, operating the machine to iron clothes, and such other duties related to pressing laundry.

17. From 2012 through approximately 2014, Plaintiff was paid $8.25 per hour.

18. In or around 2014, Plaintiff was raised to $12.50 per hour.

19. In or around 2018, Plaintiff was put on a flat rate of $100.00 per day.

20. Discovery is needed to determine the exact dates of changes in Plaintiff's pay.

21. Prior to COVID, or until March 2020, Plaintiff worked six (6) days a week (Monday through Saturday), 7 to 10 hours per day (depending on the workload). On average, Plaintiff worked between 42 and 60 hours per week. Although she was on a salary of $600.00 per week, her full salary was often not tendered, and her paystubs reflected inaccurate information.

22. After COVID, the number of days worked per week decreased; however, Plaintiff was not paid for all the days that she worked at the agreed rate of $100.00 per day and was not paid for her overtime.

23. On information and belief, Defendants willfully kept inaccurate payroll records to justify failure to pay for all hours worked.

24. For example, for the week starting 09/04/2021 and ending 09/10/2021, Defendants' payroll records show Plaintiff paid $433.34 gross, for 18.86 hours, which would be an hourly rate of $22.97 (even though no hourly rate is specified as required by law). The following week, the records show $346.67 paid for 19.57 hours (or $17.71 per hour with no hourly rate specified). The week of 9/25/2021, Plaintiff is tendered gross pay of $570.00 for 33.97 hours, or $16.77 per hour of work (again with no hourly rate specified). *Each of these pay records further state that Plaintiff is salaried, compounding the incomprehensible nature of the payment method.*

25. None of these records make any sense. None of them reflect the number of hours worked during the period, none of them reflect any accurate hourly wage or salary as required by New York's Wage Theft Prevention Act requirements.

26. Plaintiff was initially paid by check, and later by direct deposit.

27. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

28. When Plaintiff confronted Defendants regarding the overtime that she was owed and issues regarding her pay, Defendants would dismiss her concerns.

29. Plaintiff regularly handled goods in interstate commerce, including different detergents, bleaches, irons, and other related laundry materials.

30. Plaintiff's work duties required neither discretion nor independent judgment.

4

31. Defendants failed to provide Plaintiff with *accurate* wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

32. Defendants failed to provide Plaintiff, *at the time of hiring*, a statement in English and the employee's primary language (in this case, Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

33. Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he worked 10 hours or more.

34. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant business.

35. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

36. Plaintiff brings her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

37. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

38. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

39. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

40. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

41. Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

6

42. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

43. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

44. Defendants failed to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

45. Defendants' failure to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

46. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

47. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

48. Defendants failed to pay Plaintiff and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

49. Defendants' failure to pay Plaintiff and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (Violation of the New York Minimum Wage Act)

51. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

52. Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations

53. Defendants' failure to pay Plaintiff minimum wage was willful within the meaning of NYLL § 633.

54. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## (Violation of the Overtime Provisions of the New York Labor Law)

55. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

56. Defendants failed to pay Plaintiff overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

57. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

58. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (Violation of the Spread of Hours Wage Order of the New York Commissioner of Labor)

59. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

60. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours was ten hours or more in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

61. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours was ten hours or more was willful within the meaning of NYLL § 663.

62. Plaintiff was damaged in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

63. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

64. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

65. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

66. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

67. Defendants never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

68. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

d) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

i) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

j) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

k) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

l) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

m) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

n) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent (15%), as required by NYLL § 198(4); and

p) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

February **9**, 2023

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:	(954) 745-0588

By:  */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

Yo, AYDE ARRIOLA MIRANDA**,** soy un empleado o ex empleado de CALLOOH CALLAY INC., d/b/a PRESSED CLEANERS ("Corporate Defendant") and JEFFREY CURTIS**,** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 2/8/2023 , 2023.

DocuSigned by:

_____
**AYDE ARRIOLA MIRANDA**